[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a hearing in damages arising out of an amended complaint, dated April 15, 1997, in three counts. The first count is based on breach of contract, the second count on unjust enrichment, and the third count on breach of oral contract. These counts will be considered seriatim.
 I COUNT ONE
CT Page 3940
BREACH OF CONTRACT
The court finds the following facts regarding this count. On or about October 18, 1990, the defendant executed a valid written agreement in which he promised in consideration of the plaintiff rendering general household services to him, including rent free room and board, meals, driving him to the doctors, driving him to do shopping, running errands, and paying his household and personal bills, all without compensation, to pay to the plaintiff the sum of $20,000 per year for said services from 1982 until the date of death, with said payments to be from his estate.
The plaintiff has performed all of the conditions of said contract. The defendant resided with the plaintiff under the contract from October 21, 1985 to October 1, 1994. The period of occupancy constituted eight years and approximately eleven and one-third months. Based on the contract agreement of $20,000 per annum, the defendant owes to the plaintiff $20,000 for nine years less three weeks for a total of $178,846.
The court, therefore, finds in favor of the plaintiff on count one in the amount of $178,846 to be paid from the defendant's estate.
 II COUNT TWO
 JUST ENRICHMENT
The plaintiff's claim under this theory fails for two reasons:
1. Parties who have entered into a controlling express agreement are bound by such contracts to the exclusion of inconsistent implied contract obligations. Rosick v. EquipmentMaintenance Service, Inc., 33 Conn. App. 25, 632 A.2d 1134
(1993).
2. The plaintiff has failed to prove by credible evidence the reasonable value of the room and board, and transportation. She has only proven the value of the payment of personal bills.
III
CT Page 3941
COUNT THREE
 BREACH OF ALL CONTRACT
The plaintiff's claim under this theory fails for three reasons:
1. Parties who have entered into controlling express contracts are bound by such contracts to the exclusion of inconsistent implied contract obligations.
2. The plaintiff has failed to prove the terms of the alleged oral agreement.
3. The plaintiff has failed to prove by credible evidence the reasonable value of the room and board, and transportation. She has only proven the value of the payment of personal bills.
Accordingly, judgment may enter in favor of the plaintiff to recover the sum of $178,846 from the estate of the defendant.
Axelrod, J.